UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aden A. Ahmed,   Civil No. 24-16 (DWF/DLM)

    Plaintiff,

v.   **MEMORANDUM OPINION AND ORDER**

Board of Governors of the Federal
Reserve Bank and Federal Reserve Bank
of Minneapolis,

    Defendants.

———————————————————————————————————

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aden A. Ahmed,   Civil No. 24-1790 (DWF/DLM)

    Plaintiff,

v.   **MEMORANDUM OPINION AND ORDER**

Federal Reserve System Board of
Governors and Federal Reserve Bank of
Minneapolis,

    Defendants.

———————————————————————————————————

**INTRODUCTION**

This matter is before the Court on Defendant Federal Reserve Bank of Minneapolis's motion to dismiss (Doc. No. 3) in Civil No. 24-16. *Pro se* Plaintiff

Aden A. Ahmed submitted a letter response urging the Court to deny the motion. (Doc. No. 18.) For the reasons set forth below, the Court grants the motion to dismiss.

## BACKGROUND

Ahmed brought this action in state court, asserting a number of claims against his former employer, the Federal Reserve Bank, as well as the Board of Governors of the Federal Reserve Bank. (Doc. No. 1-1 ("Compl.").) He alleges that between 2009 and 2016, he was "targeted and treated unfairly for [his] work . . . and experienced harassment and stalking while at work and outside of work." (*Id.* at 5.) He further alleges that he "reported violation[s] of laws and regulations" and was subsequently "target[ed]." (*Id.*) He alleges that the Federal Reserve Bank has "been spreading misinformation in an effort to undermine [his] career." (*Id.* at 6.) And his "property and personal belongings were either stolen and/or damaged in [his] house and [his] car was impounded and bugged." (*Id.*)

He also alleges that he was injured while working for the Federal Reserve Bank and is now permanently disabled. (*Id.*) Specifically, he asserts that he now suffers from PTSD, ADD, anxiety, and depression. (*Id.*) He also states that he has been prevented from speaking to his elected officials and the media, and he has been denied legal representation. (*Id.*)

Ahmed appears to assert claims under Title VII, the Americans with Disabilities Act ("ADA"), the Whistleblower Protection Act, and Minnesota's Workers' Compensation laws. He also brings certain constitutional claims and claims of defamation and conversion.

The Federal Reserve Bank removed this case to federal court (Doc. No. 1) and now moves to dismiss (Doc. No. 3).

## DISCUSSION

### I.  Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

In addition, the Court notes that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even so, a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**II.    Federal Claims**

Ahmed brings discrimination and retaliation claims under Title VII and the ADA and appears to assert various constitutional claims.

"A Title VII complainant must file his charge with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days after such occurrence if the complainant initially instituted discrimination proceedings with a state or local agency." *Walker v. Nw. Airlines, Inc.*, No. 00-cv-2604, 2004 WL 114977, at *1 (D. Minn. Jan. 14, 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). The ADA has a similar requirement. 29 U.S.C. § 626(d). Ahmed alleges that he stopped working at the Federal Reserve Bank in 2016, and thus the alleged unlawful employment practices that form the basis of Ahmed's Title VII and ADA claims occurred in 2016, at the latest. Ahmed filed a charge with the EEOC in 2023, years after the deadline.

Moreover, before filing an action under Title VII or the ADA in federal court, a plaintiff must first exhaust his administrative remedies. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996); *see* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a). "To exhaust h[is] remedies, a Title VII plaintiff must timely file h[is] charges with the EEOC

4

and receive, from the EEOC, a 'right to sue' letter." *Shannon*, 72 F.3d at 684; 42 U.S.C. § 2000e-5(b), (c), (e). The same is true under the ADA. Once a person receives the right-to-sue letter, they have 90 days to file a lawsuit against their employer. 42 U.S.C. § 2000e-5(f)(1). A lawsuit filed after the 90-day window must be dismissed as untimely. *Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1271 (D. Minn. 2017). Ahmed received the notice of right to sue on April 28, 2023, and he filed this action more than seven months later, on December 6, 2023. (Doc. No. 6-2 at 2.) Thus, Ahmed's Title VII and ADA claims are dismissed as untimely.[1]

Ahmed also appears to assert various violations of his constitutional rights. He alleges that he was denied counsel, prevented from speaking with elected officials, and prevented from communicating with journalists. Ahmed has not alleged any specific conduct by Defendants that would plausibly support a constitutional violation. These claims, therefore, are dismissed without prejudice.

Lastly, Ahmed asserts a claim under the Whistleblower Protection Act. "Courts have unanimously held that section 2302, defining and providing recourse for prohibited personnel actions, does not create a private right of action." *Hastings v. Fed. Aviation Adm.*, 187 F.3d 928, 940 (8th Cir. 1994). The Court dismisses this claim with prejudice.

---

[1] The Federal Reserve Bank also argues that Ahmed signed a Separation Agreement. Because Ahmed's claims are untimely, the Court need not reach this issue.

### III.   State Law Claims

All of Ahmed's federal claims against Defendants are dismissed. That leaves only Ahmed's state-law claims, including a claim under the Minnesota Workers' Compensation Act, defamation, and conversion. Under Minnesota's workers' compensation laws, an action must be initiated not more than six years from the date of the injury. Minn. Stat. § 176.151(a). Because there is a seven-year gap from when Ahmed's employment ended and when he brought this action, his claim under the workers' compensation law is time barred and will therefore be dismissed with prejudice.

Ahmed's defamation and conversion claims remain. These claims suffer the same issues as Ahmed's constitutional claims. He fails to allege any specific conduct by Defendants that would plausibly support a claim of defamation or conversion. These claims will be dismissed without prejudice.

### IV.   Additional Case

Ahmed has also filed a second lawsuit against the Federal Reserve Bank of Minneapolis and its Board of Governors (24-cv-1790). That lawsuit appears to be entirely duplicative of the action for which Defendants' motion to dismiss is being granted. Ahmed has applied for *in forma pauperis* in this second lawsuit, and because Ahmed has applied for *in forma pauperis* status, the Court must review his Complaint and determine whether that complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court concludes that Ahmed's second Complaint fails to state a claim on which relief may be granted for the same reasons that his first Complaint fails to state a claim on which relief may be

granted. The second case will therefore be dismissed for the same reasons discussed above.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Regarding Civil No. 24-16:

    a. Defendant Federal Reserve Bank's motion to dismiss (Doc. No. [3]) is **GRANTED.**

    b. Plaintiff Aden Ahmed's claims against Defendants under Title VII, the ADA, the Whistleblower Protection Act, and Minnesota workers' compensation laws are **DISMISSED WITH PREJUDICE.**

    c. Plaintiff Aden Ahmed's constitutional claims and state-law claims of defamation and conversion against Defendants are **DISMISSED WITHOUT PREJUDICE.**

2. Regarding Civil No. 24-1790:

    a. Plaintiff Aden Ahmed's claims against Defendants under Title VII, the ADA, the Whistleblower Protection Act, and Minnesota workers' compensation laws are **DISMISSED WITH PREJUDICE.**

      b.      Plaintiff Aden Ahmed's constitutional claims and state-law claims of defamation and conversion against Defendants are **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 3, 2024                  s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge